**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CALEB ALONSO LITO,<br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br>Respondents. | **ORDER**<br><br>Case No. 1:26-cv-146-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The provisional appointment of the Office of the Federal Defender is **RESCINDED**. Although there is "no constitutional right to counsel in habeas corpus proceedings in federal courts," *Flowers v. Oklahoma*, 356 F.2d 916, 917 (10th Cir. 1966), the court may appoint counsel for persons "seeking relief under section 2241 . . . of title 28" if it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2). And, under General Order 26-005, the Federal Defender's Office has been provisionally appointed to represent individuals detained in immigration custody in this district who have contacted the Office seeking representation in connection with a habeas corpus petition. The court, however, "retains the discretion to rescind the provisional appointment" if it "is not satisfied that the interests of justice require the appointment of the Federal Public Defender." General Order 26-005. More generally, the court may refuse to appoint counsel if a habeas petitioner's claims lack merit. *See, e.g.*, *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir. 2005); *Kingyon v. Kansas*, 564 F. App'x 397, 402 (10th Cir. 2014).

Mr. Alonso Lito's claims are novel and aggressive. They go well beyond the text of any governing statute or the holding of any controlling Supreme Court or Tenth Circuit decision. Especially given the nature of these claims, the court is not persuaded that the Office's provisional appointment is appropriate here. Nor is the court persuaded that additional briefing is

necessary at this time that would require counsel's assistance.[1] More generally, the court has serious concerns about the Office of the Federal Defender's appointment as counsel in this matter given that Office's limited resources, the high volume of cases such as this one currently being litigated in the federal courts, and the apparent divergence of such representation from the Office's core mission of defending indigent individuals charged with federal crimes. For all of these reasons, the court concludes that the interests of justice do not require the Office's appointment in this matter at this time.

Docket Number 3, Emergency Motion to Stay Transfer During Pendency of Petition, is **DENIED**. Mr. Alonso Lito's presence in Utah is not required for the court to retain jurisdiction in this action. *See Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). And it does not appear that a stay preventing any further change in the location where Mr. Alonso Lito is detained is necessary to enable the court to address the legal issues presented in his petition. Indeed, even if the court were to subsequently determine that the appointment of counsel is warranted in this case, counsel could address the legal issues presented in the petition through briefing.

Further, Mr. Alonso Lito's request for a stay barring his transfer from Utah has been overtaken by events and may well be moot. Indeed, Mr. Alonso Lito represents that, as of August 31, 2026, he has been transferred to California and is detained there. *See* Dkt. No. 6. And he has not demonstrated to the court's satisfaction that he is entitled to a stay under *Nken v. Holder* in all events. *See* 556 U.S. 418, 434 (2009).

---

[1] If the court determines that additional briefing is necessary to resolve the claims in this petition, the court will at that point consider appointing counsel.

Although Petitioner also seeks a stay barring his removal pending resolution of his habeas petition, he neither contends in his petition that his removal from the United States would be unlawful nor seeks a court order barring his removal. And it is far from clear that the court would have jurisdiction to consider such an argument or to grant such relief in all events. *See* 8 U.S.C. §§ 1252(b)(9), (g). It is thus doubtful that interim equitable relief barring his removal is warranted. *See Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 289 (1940); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324–27 (1999).

Further, Petitioner has failed to argue—let alone demonstrate—that a stay of his removal pending resolution of his petition will prevent irreparable harm that he would likely suffer absent such relief. Rather, Mr. Alonso Lito argues that his *detention* during the pendency of the removal proceedings that appear to pending against him is unlawful. But a stay of removal pending disposition of his habeas petition would not remedy any irreparable injury associated with that detention. To the contrary, such a stay could potentially prolong that detention and thus increase such injury.

Docket Number 6, Motion to Change Venue, is **DENIED WITHOUT PREJUDICE**. Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." But given that he was detained in Utah when he filed his habeas petition, *see* Dkt. No. 3, Mr. Alonso Lito could not have brought this action in the Eastern District of California. For as the Supreme Court has explained, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007). And the United States has not consented to a

transfer. *See* Dkt. No. 17. To be sure, nothing in this order bars counsel from filing a new petition where Mr. Alonso Lito is currently detained—assuming he remains in detention.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge